# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| V'GUARA INC., a Nevada corporation,   ) | |
|   ) | |
|         Plaintiffs,   ) | Case No.: 2:13-cv-00076-GMN-NJK |
|    vs.   ) | |
|   ) | **ORDER** |
| STEVE DEC, an individual; S&D   ) | |
| BEVERAGE LLC, a Delaware Limited   ) | |
| Liability Company, inclusive,   ) | |
|   ) | |
|         Defendants.   ) | |
| _____) | |

Pending before the Court is the *Ex Parte* Motion for Temporary Restraining Order (ECF No. 8) filed by Plaintiff V'Guara Inc. ("Plaintiff").

## I.    BACKGROUND

This case arises from Plaintiff's ownership of certain trade secrets related to the production and bottling of Guarana Vodka. (*See* Mot. for TRO, Ex. 1 ("Wierzbowski Decl.") ¶ 8, ECF No. 8.)  Specifically, Defendant Steve Dec ("Dec"), formerly employed by Plaintiff, allegedly sold these trade secrets to S&D Beverage LLC ("S&D"), without Plaintiff's authorization. (Wierzbowski Decl. ¶ 17.)  Thereafter, Defendant allegedly approached the bottling company with whom Plaintiff had contracted, and "demand that they cease production of V'Guara's Guarana Vodka or could potentially be sued." (Wierzbowski Decl. ¶ 19.)

In response to Dec's and S&D's actions, on January 16, 2013, Plaintiff filed its complaint asserting four causes of action: (1) Misappropriation of Trade Secrets; (2) Interference with Prospective Economic Advantage; (3) Declaratory Judgment pursuant to section 30.010-160of the Nevada Revised Statutes; and (4) Breach of Contract. (Compl. ¶¶ 28-50, ECF No. 1.)  Given that public disclosure of trade secrets destroys the protection of a trade

secret, Plaintiff filed this *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction. (Mot. for TRO, ECF No. 8.)

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). However, "[t]he urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (citing 11 C. Wright and A. Miller, *Federal Practice and Procedure, Civil*, § 2949 at 471 (1973)). Thus, "[t]he trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Id.*

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp. 2d 1111, 1126 (E.D. Cal. 2001).  Specifically, a preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.  Above all, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a

hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

## III.   DISCUSSION

### A.   Likelihood of Success on the Merits

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (quoting *Gasperini v. Ctr for Humanities, Inc.*, 518 U.S. 415, 427 (1996)).  The basis for federal subject matter in this case is diversity of citizenship pursuant to 28 U.S.C. § 1332.  As such, the Court applies Nevada substantive law to determine whether Plaintiff will likely succeed on the merits.

Trade Secret actions are governed by the Nevada Trade Secrets Act. Nev. Rev. Stat. §§ 600a.010-600a.100.  Specifically, to succeed on its trade secrets claim, Plaintiff will have to establish each of three elements:

> (1) a valuable trade secret; (2) misappropriation of the trade secret through use, disclosure, or nondisclosure of use of the trade secret; and (3) the requirement that the misappropriation be wrongful because it was made in breach of an express or implied contract or by a party with a duty not to disclose.

*Frantz v. Johnson*, 999 P.2d 351, 358 (Nev. 2000).

For the reasons discussed below, Plaintiff has provided sufficient factual basis from which the Court can find that Plaintiff will likely succeed on its claim that Defendant Dec misappropriated its trade secret Guarana Vodka formulation.

#### 1.   *The Existence of a Valuable Trade Secret*

The Nevada Trade Secrets Act (the "Act") covers, among defines a "trade secret" as:

> information, including, without limitation, **a formula**, pattern, compilation, program, device, method, technique, **product**, system, **process**, design, prototype, procedure, computer programming instruction or code that:
> (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by the public or any other persons who can obtain commercial or economic value from its disclosure or use; and

(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Nev. Rev. Stat. § 600A.030(5) (emphasis added).  Thus, to establish that the information in question is actually a trade secret, Plaintiff will have to show that the asserted trade secret (1) "[d]erives independent economic value . . . from not being generally known . . ." and (2) "is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Id.*

First, the Act expressly covers the type of information that Plaintiff is attempting to protect here.  Specifically, Plaintiff seeks to protect the actual formula for its Guarana Vodka and the process used to bottle Plaintiff's Guarana Vodka.  Thus, this information is within the categories of information contemplated by the Act's definition of "trade secret."

Second, Plaintiff has provided a sufficient factual basis from which the Court can conclude that Plaintiff will likely succeed in establishing that this information "[d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by the public or any other persons who can obtain commercial or economic value from its disclosure or use." *See* Nev. Rev. Stat. § 600A.030(5)(a).  The affidavit attached to Plaintiff's motion states that the formula for Plaintiff's Guarana Vodka product "is not generally known or readily ascertainable." (Mot. for TRO, Ex. 1 ("Wierzbowski Decl.") ¶ 21, ECF No. 8.)  In fact, Plaintiff has heavily invested its time and financial resources into developing the Guarana Vodka and, ever since, has "treated [the formulation] as a trade secret." (*Id.* at ¶ 8-9.)  In addition, the Guarana Vodka is Plaintiff's "exclusive product."  (*Id.* at ¶ 21.)  As its exclusive product, the Guarana Vodka adds significant value to Plaintiff. (*Id.*)  Furthermore, if the formula for the Guarana Vodka product and its bottling process became generally known to the public, the value of that product to Plaintiff would be diminished.

Finally, Plaintiff has provided a sufficient factual basis from which the Court can

conclude that Plaintiff will likely succeed in establishing that this information "is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *See* Nev. Rev. Stat. § 600A.030(5)(b). The Nevada Trade Secrets Act expressly provides a presumption that the owner of a trade secret has made adequate efforts to maintain the secrecy when the owner places an indication of secrecy or confidentiality on the alleged trade secret:

> The owner of a trade secret is presumed to make a reasonable effort to maintain its secrecy if the word 'Confidential' or 'Private' or another indication of secrecy is placed in a reasonably noticeable manner on any medium or container that describes or includes any portion of the trade secret. This presumption must be rebutted only by clear and convincing evidence that the owner did not take reasonable efforts to maintain the secrecy of the trade secret.

Nev. Rev. Stat. § 600A.032.

The Court first finds that Plaintiff has failed to establish this presumption as to its bottling process. The affidavit attached to Plaintiff's motion fails to provide adequate facts from which the Court can conclude that this presumption should apply to the bottling process. In fact, completely absent from this affidavit is any mention of Plaintiff's efforts to maintain the secrecy of the bottling process. Thus, the Court cannot conclude that Plaintiff has carried its burden in establishing that Plaintiff will likely succeed in proving that the Guarana Vodka bottling process is a trade secret.

In contrast, the Court finds that Plaintiff has established that this presumption applies to the Guarana Vodka formulation. Specifically, the affidavit attached to Plaintiff's motion expressly states that "[t]he Guarana Vodka formulation prepared for V'Guara and was *marked confidential* and maintained as confidential. The company treated it as a trade secret." (Wierzbowski Decl. ¶ 9 (emphasis added).) The affidavit further states that those individuals that had access to the formula were under instructions not to disclose the formula "to anyone who did not have a need to use it." (*Id.*) Even when the formula was disclosed to someone that needed it, the formula was disclosed "only under an agreement that the person receiving it

would keep it confidential." (*Id.*)  These facts adequately establish that the presumption of reasonable efforts to maintain secrecy applies.  Furthermore, Court finds no evidence, at this stage, of clear and convincing evidence that Plaintiff failed to take reasonable efforts to maintain the secrecy of the Guarana Vodka formulation.

Plaintiff has failed to provide sufficient facts from which the Court can conclude that Plaintiff will likely establish that the bottling process is a trade secret.  In contrast, the Court determines that Plaintiff will likely succeed in establishing the first element of its trade secret claim: that the Guarana Vodka formula is a trade secret.

### 2.      *Misappropriation of the Trade Secret through Use, Disclosure, or Nondisclosure of the Use of the Trade Secret*

The Nevada Trade Secret Act defines "misappropriation" to include

(c) Disclosure or use of a trade secret of another without express or implied consent by a person who: . . .
>      (2) At the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was: . . .
>>           (II) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use. . . .

Nev. Rev. Stat. § 600A.030(2)(c).  Thus, a trade secret is misappropriated when, as here, a person discloses the secret information to another party without consent and when, as here, the disclosing party acquired the secret information under circumstances giving rise to a duty to maintain the secrecy of that information.

Here, Defendant Dec had access to the formulation for the Guarana Vodka because of his employment with the company. (Wierzbowski Decl. ¶ 11-16.)  Furthermore, Defendant Dec "was never given any right or authority to use, disclose, or sell the Guarana Vodka formula or the bottling process." (Wierzbowski Decl. ¶ 13.)  Thereafter, Defendant Dec allegedly disclosed the secret information when he "sold Plaintiff's trade secret formula for Guarana Vodka." (Wierzbowski Decl. ¶ 17.)

### 3.    *The Misappropriation was Wrongful*

When misappropriation of a trade secret is based on disclosure of that trade secret, the disclosure is wrongful when that disclosure is made without the consent or permission of the trade secret owner and when the disclosing party was under a duty to maintain the secrecy of the information. Nev. Rev. Stat. § 600A.030(2)(c).

Here, Defendant Dec "did not develop the Guarana Vodka formula nor the bottling process for its manufacture, and all work by [Defendant] Dec on behalf of [Plaintiff] remains the property of [Plaintiff]." (Wierzbowski Decl. ¶ 14.)  Thus, Defendant Dec is not the owner of the trade secret; Plaintiff owns the secret formula for its Guarana Vodka.  As such, Defendant Dec could not permissibly disclose the secret Guarana Vodka formula without Plaintiff's consent.  However, Defendant Dec "was never given any right or authority to use, disclose, or sell the Guarana Vodka formula or the bottling process." (Wierzbowski Decl. ¶ 13.) Finally, because of Defendant Dec's employment by Plaintiff, Defendant Dec was under a duty to maintain the secrecy of the Guarana Vodka formulation.

### B.    Likelihood of Irreparable Harm

Plaintiff asserts that once the Court finds that Plaintiff is likely to succeed on the merits, the Court should presume irreparable harm.  True enough, many courts, in the past, have held that once a plaintiff establishes that it was likely to succeed on the merits, irreparable injury was generally presumed. *See, e.g.*, *Abercrombie & Fitch Co. v. Moose Creek, Inc.*, 486 F.3d 629, 633 (9th Cir. 2007) (presuming irreparable harm in a trademark case).  More recently, however, the Ninth Circuit has held that, after the Supreme Court's decisions in *eBay v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) and in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), such a presumption is impermissible, at least in the context of copyright claims. *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 998 (9th Cir. 2011). Specifically, the Ninth Circuit in *Flexible Lifeline Systems*, noted that the "long-standing

precedent finding a plaintiff entitled to a presumption of irreparable harm on a showing of likelihood of success on the merits in a copyright infringement case . . . has been effectively overruled."  In light of this holding, the Court declines to rely on such a presumption in determining whether Plaintiff will suffer irreparable harm without the requested injunctive relief.

Even without this presumption, the Court finds that Plaintiff will likely suffer irreparable harm without the requested temporary restraining order.  Specifically, "[p]ublic disclosure of a trade secret destroys the information's status as a trade secret." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919 (D. Nev. 2006).  Such destruction causes irreparable harm to the trade secret owner "by both depriving him of a property interest and by allowing his competitors to reproduce his work without an equivalent investment of time and money." *Id.* (citations omitted).  Such harms are unlikely to be adequately redressed by monetary damages.

Here, Plaintiff heavily invested its time and money in the development of its Guarana Vodka formulation.  Specifically, Plaintiff "invested several years and hundreds of thousands of dollars in the development, manufacturing, marketing and distribution of its Gurana [sic] Vodka." (Wierzbowski Decl. ¶ 8.)  As such, Plaintiff would likely suffer irreparable injury because disclosure of Plaintiff's secret formulation would allow its competitors to reproduce its work without investing equal amounts of time and money.

### C.    The Balance of Equities Tips in Plaintiff's Favor

The balancing aspect of the TRO analysis requires courts to weigh "the competing claims of injury and [] consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 542 (1987).  As discussed above, Plaintiff's will suffer considerable harm if Defendant is permitted to disclose Plaintiff's trade secrets.  Specifically, Plaintiff has invested several years and substantial sums of money to develop, manufacture, market, and distribute its Guarana Vodka. (Wierzbowski

Decl. ¶ 8.)  On the other hand, the issuance of this temporary restraining order will prevent Defendants from profiting from the alleged trade secrets.  The facts in the affidavits attached to Plaintiff's motion indicate that Defendants actually have no right to the alleged trade secrets. For these reasons, the Court finds that the balance of equities tips in favor of Plaintiffs.

### D.    The Issuance of a TRO Benefits the Public's Interest

"The public interest analysis for the issuance of [injunctive relief] requires [district courts] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1138 (9th Cir. 2011) (citation omitted). In this case, the Court finds no such public interest that would be injured by the issuance of such injunctive relief.

### E.    Security

Rule 65(c) of the Federal Rules of Civil Procedure requires that "[t]he court may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully . . . restrained." Fed. R. Civ. P. 65(c).  Thus, the primary purpose of such a bond is to safeguard Defendants from costs and damages incurred as a result of a temporary restraining order improvidently issued.  The Court has found examples of bonds in trade secret temporary restraining orders ranging from $100.00, *Merck & Co. Inc. v. Lyon*, 941 F. Supp. 1443, 1463-64 (M.D.N.C. 1996), to $100,000.00, *Verigy US, Inc. v. Mayder*, No. 07-cv-04330-RMW-HRL, 2007 WL 2429652, at *4 (N.D. Cal. 2007).

In this case, given that the Court has found a high likelihood that Plaintiff will succeed on its trade secret claim, the Court orders that Plaintiff shall post a bond of $1,000.00.

## IV.    <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that the *Ex Parte* Motion for Temporary Restraining Order (ECF No. 8) filed by Plaintiff V'Guara Inc. is **GRANTED**.  Defendants, including

without limitation, all of their respective partners, officers, member, agents, servants, employees, and all other persons acting in concert or participation with Defendants, are temporarily enjoined and restrained from using and/or selling Plaintiff's proprietary Guarana Vodka formulation.

**IT IS FURTHER ORDERED** that Plaintiff V'Guara shall post a bond of one thousand dollars ($1,000.00) in order to recompense Defendants if the Court later determines that Defendants have been wrongfully restrained.

**IT IS FURTHER ORDERED** that Defendants shall have until **5:00 PM on Tuesday, February 19, 2013**, to file their Response Brief to Plaintiff's Motion for Preliminary Injunction (ECF No.9). Thereafter, Plaintiff shall have until **5:00 PM on Thursday, February 21, 2013**, to file its Reply Brief. The matter shall be set for hearing on Plaintiff's Motion for Preliminary Injunction on **Monday, February 25, 2013**, at **3:00 PM**.

**DATED** this 15th day of February, 2013.

_____
Gloria M. Navarro
United States District Judge