# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

V'GUARA INC.,                                )
                                             )
                         Plaintiff,          )        Case No.: 2:13-cv-00076-GMN-NJK
          vs.                                )
                                             )        **ORDER**
STEVE DEC,                                   )
                                             )
                         Defendant.          )
_____     )

Pending before the Court is the Motion to Set Aside Clerk's Entry of Default (ECF No. 21) filed by Defendant Steve Dec ("Defendant"). Plaintiff V'Guara Inc. ("Plaintiff") failed to file a Response. Also pending before the Court is the Motion to Dismiss the Complaint or Alternatively Motion to Transfer the Case (ECF No. 27) filed by Defendant. Plaintiff filed a Response to this Motion (ECF No. 37) and Defendant filed a Reply (ECF No. 40-1). After Defendant filed his Reply, Plaintiff also filed a Supplement to its Response. (ECF No. 41.)

## I.    BACKGROUND

This case arises from Plaintiff's asserted ownership of certain trade secrets related to the production and bottling of Guarana Vodka. (Compl. ¶ 4, ECF No. 1.) Specifically, Defendant Steve Dec ("Dec"), formerly employed by Plaintiff, allegedly sold these trade secrets without Plaintiff's authorization. (*Id.* ¶¶ 21-24.) Additionally, Defendant allegedly sold 50,000 of his shares in Plaintiff "without any written authorization from [Plaintiff] and in express violation of the 2010 and 2012 Subscription Agreements. (*Id.* ¶ 23.) Thereafter, Defendant allegedly approached the bottling company with whom Plaintiff had contracted, and "demanded that North Las Vegas Tequila Bottling Company break its contract with V'Guara and cease bottling V'Guara's Guarana Vodka, and falsely claimed that Defendant[] held the rights to the secret

1    formulation and not V'Guara." (*Id.* ¶ 25.)

2        In response to these actions, on January 16, 2013, Plaintiff filed its Complaint against

3    Steve Dec and S&D Beverage LLC[1] in which Plaintiff asserted four causes of action:

4    (1) Misappropriation of Trade Secrets; (2) Interference with Prospective Economic Advantage;

5    (3) Declaratory Judgment pursuant to section 30.010-160 of the Nevada Revised Statutes; and

6    (4) Breach of Contract. (*Id.* ¶¶ 28-50.)  Subsequently, on January 25, 2013, Plaintiff filed a

7    Motion for Temporary Restraining Order and Preliminary Injunction seeking to enjoin

8    Defendant from using and/or selling the alleged trade secrets. (Mot. for TRO & Prelim. Inj.,

9    ECF Nos. 8-9.)  The Court granted Plaintiff's Motion for a Temporary Restraining Order on

10    February 15, 2013. (Order on Mot. for TRO, ECF No. 18.)

11        Also on February 15, 2013, Plaintiff filed a Motion for Entry of Default (ECF No. 17.)

12    In that motion, Plaintiff stated that Defendant was served on January 17, 2013 and that more

13    than twenty-one days had elapsed since that date without Defendant pleading or otherwise

14    defending as required by the Federal Rules of Civil Procedure. (Aff. in Supp. of Mot. for Entry

15    of Default ¶¶ 2-3, ECF No. 17.)  Subsequently, on February 19, 2013, the Clerk of Court

16    entered Default as to Defendant. (ECF No. 20.)  However, also on February 19, 2013,

17    Defendant filed the instant Motion to Set Aside the Clerk's Entry of Default. (ECF No. 21.)

18    Additionally, on February 25, 2013, Defendant filed the instant Motion to Dismiss the

19    Complaint or Alternatively Motion to Transfer the Case. (ECF No. 27.)

20    **II.**    **MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

21        Pursuant to Rule 7-2(d) of the Local Rules of Practice of the United States District Court

22    for the District of Nevada, "[t]he failure of an opposing party to file points and authorities in

23    response to any motion shall constitute a consent to the granting of the motion."  In this case,

24

25    [1] Plaintiff filed a stipulation on February 27, 2013 in which Plaintiff dismissed the complaint without prejudice as to Defendant S&D Beverage LLC, (ECF No. 31), and the Court signed that stipulation on February 28, 2013, (ECF No. 33).  Accordingly, Defendant Steve Dec ("Defendant") is the only remaining defendant in this action.

Plaintiff failed to oppose Defendant's Motion to Set Aside the Clerk's Entry of Default. Accordingly, Plaintiff has effectively consented to the Court granting Defendant's motion. Additionally, the Court finds that the strong policy that cases be decided on their merits further supports Defendant's motion. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("Crucially, however, 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'").  For these reasons, the Court GRANTS Defendant's Motion to Set Aside the Clerk's Entry of Default. (ECF No. 21.)

### III.     MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  Once a defendant raises the defense, the burden then falls on the plaintiff to prove sufficient facts to establish that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  A plaintiff can carry this burden only by presenting sufficient evidence to establish that (1) personal jurisdiction is proper under the laws of the state where it is asserted; and (2) the exercise of jurisdiction does not violate the defendant's right to due process secured by the United States Constitution. *Ziegler v. Indian River County,* 64 F.3d 470, 473 (9th Cir.1995); *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404-05 (9th Cir. 1994).  To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff need only make "a prima facie showing of jurisdictional facts." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting *Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001)).  Furthermore, when analyzing such a motion to dismiss, "the court resolves all disputed facts in favor of the plaintiff." *Id.*

Nevada's long arm statute expressly provides that "[p]ersonal service of summons upon a party outside this state is sufficient to confer upon a court of this state jurisdiction over the

party so served if the service is made . . . within this state." Nev. Rev. Stat. 14.065(2). Furthermore, the Supreme Court has already stated that "jurisdiction based on physical presence alone constitutes due process." *Burnham v. Superior Court of Cal., Cnty. of Marin*, 495 U.S. 604, 619 (1990).   However, an exception to this rule exists where "a person is induced by artifice or fraud to come within the jurisdiction of the court for the purpose of procuring service of process . . .." *Commercial Mut. Accident Co. v. Davis*, 213 U.S. 245, 256 (1909); *see also Burnham*, 495 U.S. at 613-15 (noting that most states "exempt[] from service of process individuals who were brought into the forum by force or fraud or who were there as a party or witness in unrelated judicial proceedings"); *Comerica Bank-California v. Sierra Sales, Inc.*, 94-cv-20229-PVT, 1994 WL 564581, at *3 (N.D. Cal. Sept. 30, 1994) ("The assumption behind the 'fraudulent enticement doctrine' is that the defendant would not have been physically present in the jurisdiction without a specific enticement on the part of the plaintiff.").

In this case, Defendant was served within the border of the state of Nevada. (*See* Summons Returned Executed, ECF No. 7.)  Thus, under *Burnham*, such service satisfies due process and confers personal jurisdiction over Defendant.   Nevertheless, Defendant argues that the physical presence rule, as affirmed by the Supreme Court in *Burnham*, is inapplicable for two reasons.  First, Defendant argues that he "believes Plaintiff, by one (1) of its principals, Robert Bogdan, deceived [Defendant] to obtain information from [Defendant] as to the date(s), times, and [Defendant]'s location when he did plan to appear in Nevada." (Def.'s Reply 1:27-2:1, ECF No. 40-1.)  As such, Defendant contends, "jurisdictional personal service is invalid if obtained by fraudulent luring of the person served." (*Id.* at 2:1-3.)  Second, Defendant argues that *Burnham* is inapplicable because "*Burnham* did not hold personal service on an individual is sufficient to confer personal jurisdiction over a corporation or other business entity." (*Id.* at 2:4-7.)

Defendant's arguments fail to persuade the Court that this case is distinguishable from *Burnham*. First, Plaintiff states that Defendant "was already in Nevada promoting his international arms business and attending one of the nation's largest gun shows, when Plaintiff was advised of his physical presence within Nevada's state boundaries." (Wierzbowski Decl. ¶ 2, ECF No. 41.) Furthermore, even assuming that Plaintiff somehow fraudulently obtained Defendant's travel plans, such fraudulent behavior does not amount to fraudulent enticement or fraudulent luring as discussed in *Burnham*. To establish the fraudulent enticement exception, Defendant must show that the Plaintiff's fraud was the sole reason that Defendant was in the jurisdiction at the time of service. *See Burnham*, 495 U.S. at 613-15 (discussing an exemption for those individuals who were *brought* into the forum by force or fraud); *Comerica Bank-California*, 1994 WL 564581, at *3 ("The assumption behind the 'fraudulent enticement doctrine' is that the defendant would not have been physically present in the jurisdiction without a specific enticement on the part of the plaintiff."). Defendant has failed to cite to any authority in which service was inadequate on a party where that party had merely been fraudulently induced to disclose his travel plans. Accordingly, when resolving all disputed facts in favor of Plaintiff, as the Court is required to do, the Court finds that Defendant's first argument fails.

Second, Defendant argues that Plaintiff's in-state personal service of Defendant is insufficient "to confer personal jurisdiction over a corporation or other business entity." (Def.'s Reply 2:4-12, ECF No. 40-1.) It appears to the Court that this argument is a moot point in light of the stipulated dismissal of Defendant S&D Beverages, LLC. (*See* Order on Stipulation, ECF No. 33.) Therefore, because Plaintiff, as an individual and not as an entity, is the sole remaining defendant in this case, this argument also fails to persuade the Court that it lacks personal jurisdiction over Defendant.

For these reasons, the Court DENIES the Motion to Dismiss (ECF No. 27) filed by

Defendant Steve Dec.

## IV.   MOTION TO DISMISS FOR IMPROPER VENUE

In the alternative to a dismissal for lack of personal jurisdiction, Defendant asks the Court to dismiss the complaint because venue in the District of Nevada is improper. (Mot. to Dismiss 6:10-7:27, ECF No. 27.)

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for improper venue. Fed. R. Civ. P. 12(b)(3).  Under 28 U.S.C. § 1391(b), venue is appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff's Complaint asserts that venue is appropriate in the District of Nevada because, "among other things, at all times relevant hereto, a substantial part of the events giving rise to the claims arose in Clark County, Nevada."  An examination of the Complaint confirms that venue is proper under section 1391(b)(2).  First, "Plaintiff, V'Guara Inc. is a Nevada corporation organized under the laws of this State of Nevada . . . with its principal place of business in Nevada." (Compl. ¶ 5.)  The Complaint also alleges that "Defendant and an unidentified individual appeared at North Las Vegas Tequila Bottling Company . . . and demanded that North Las Vegas Tequila Bottling Company break its contract with [Plaintiff] and cease bottling [Plaintiff]'s Guarana Vodka, and falsely claimed that Defendants held the rights to the secret formulation and not [Plaintiff]." (Compl. ¶ 25.)  Additionally, Plaintiff alleges that Defendant is liable for breach of contract for his actions in selling his V'Guara

shares in violation of the 2010 and 2012 Subscription Agreements, which are governed by Nevada law. (Compl. ¶ 23; Pl.'s Resp. to Mot. to Dismiss 3:21-23, Ex. 3, ECF No. 37.)  Thus, the Court finds that a sufficient amount of the events giving rise to the claims occurred in Nevada.

Furthermore, it seems unlikely that a larger proportion of the events giving rise to the claims in this case occurred in a single district outside of the District of Nevada.  Therefore, even if an insufficient amount of the events occurred in Nevada, venue is proper here under section 1391(b)(3).  Specifically, Defendant is subject to this Court's personal jurisdiction because, as discussed above, he was personally served while physically present in the district.

For these reasons, the Court finds that venue is proper in the District of Nevada and DENIES the Motion to Dismiss (ECF No. 27).

## V.   MOTION TO TRANSFER TO WESTERN DISTRICT OF PENNSYLVANIA

Finally, Defendant argues that, under 28 U.S.C. § 1404(a), "this lawsuit should be transferred to the United States District Court, Western District of Pennsylvania." (Mot. to Dismiss 8:3-5, ECF No. 27.)  Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  To determine whether transfer under section 1404(a) is appropriate, the Court weighs eight factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

/ / /

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  As discussed below, the Court finds that the balance of these factors do not favor transfer to the Western District of Pennsylvania.  In fact, with the exception of Defendant's assertion that he resides in Pennsylvania and has very few contacts with Nevada, each of these factors is either neutral or weighs in favor of venue in the District of Nevada.

First, it is unclear where the relevant agreements were negotiated and executed.  Second, because Nevada law governs the Subscription Agreements, (Pl.'s Resp. to Mot. to Dismiss 3:21-23, Ex. 3, ECF No. 37), this Court is much more familiar with the governing law than the Western District of Pennsylvania.  Third, Plaintiff chose to file this action in the District of Nevada.  Fourth, Plaintiff is incorporated in Nevada and its Guarana Vodka is bottled in Nevada.  Although Defendant asserts that he resides in Pennsylvania and has few contacts with the state of Nevada, Defendant was personally served with the Complaint in this case while he was visiting Nevada.  Furthermore, he traveled to Nevada to visit the bottling facility to threaten to shut down the bottling operation because of his asserted ownership of the Guarana Vodka formula.

For these reasons, the Court DENIES Defendant's Motion to Transfer (ECF No. 27) because Defendant has failed to meet his burden of showing that the Western District of Pennsylvania is a more appropriate forum for this action.

## VI.   **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Set Aside Clerk's Entry of Default (ECF No. 21) filed by Defendant Steve Dec is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss the Complaint or Alternatively Motion to Transfer the Case (ECF No. 27) is **DENIED**.

**DATED** this 16th day of May, 2013.

_____
Gloria M. Navarro
United States District Judge