UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| V'GUARA, INC., | ) | |
| | ) | Case No. 2:13-cv-0076-JAD-NJK |
| Plaintiff(s), | ) | |
| | ) | ORDER GRANTING MOTION FOR |
| vs. | ) | LEAVE TO AMEND |
| | ) | |
| STEVE DEC, et al., | ) | (Docket No. 68) |
| | ) | |
| Defendant(s). | ) | |

Pending before the Court is Defendant Steve Dec's motion for leave to file amended counterclaims to add a counter-defendant, filed on January 21, 2014. Docket No. 68. No opposition has been filed. The Court finds the motion properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the Court the motion is hereby **GRANTED**.

Under Fed. R. Civ. P. 15(a), "[t]he court should freely give leave when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In deciding a motion for leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original).

Defendant's motion seeks leave to amend his counterclaims to add Mirek Wierzbowski as a counter-defendant. *See* Docket No. 68 at 2. Mr. Wierzbowski is an officer and director of Plaintiff. *See id.* As such, Defendant argues that Mr. Wierzbowski has had notice of this case and will not be prejudiced by being added as a counter-defendant. *See id.* at 3. Indeed, the record bears out that Mr. Wierzbowski has been actively involved in litigating this case. *See* Docket No. 8, Exh. 1 (declaration of Mirek Wierzbowski in support of motion for temporary restraining order). In evaluating the factors above and in recognition of the "extreme liberality" with which Rule 15(a) is to be applied, the Court finds that the counterclaims can be amended to add Mr. Wierzbowski as a counter-defendant.[1]

Accordingly, the motion for leave to amend the counterclaims is hereby **GRANTED**. Defendant shall file the amended counterclaims within 10 days of this order.

IT IS SO ORDERED.

Dated: February 10, 2014

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Although futility is a relevant factor for consideration, nothing herein shall be construed as precluding Mr. Wierzbowski from filing a motion to dismiss. *Cf. Branch Banking & Trust Co. v. Pebble Creek Plaza, LLC*, 2013 U.S. Dist. Lexis 72732, *3 (D. Nev. May 22, 2013) (collecting cases regarding deferring challenges to the merits of a proposed amendment until after leave to amend is granted).