UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| V'Guara, Inc.,<br><br>    Plaintiff<br><br>v.<br><br>Steve Dec. et al.,<br><br>    Defendants | Case No: 2:13-cv-0076-JAD-NJK<br><br>**Order to Substitute Real Party in Interest or Show Cause Why V'Guara's Claims Should Not Be Dismissed; Denying Motion to Withdraw the Reference; Denying Motion to Clarify; Denying Motion to Withdraw as Counsel; and Continuing Trial**<br><br>[ECF 132, 134, 140] |

     V'Guara, Inc. initiated this action by suing Steve Dec and S&D Beverage, LLC for misappropriation of trade secrets, interference with prospective economic advantage, declaratory judgment, and breach of contract.[1] Dec responded with counterclaims against V'Guara and third-party claims against Mirek Wierzbowski for fraud, unjust enrichment/quantum meruit, and declaratory judgment.[2] Following a failed summary judgment effort by V'Guara and an unsuccessful settlement conference, on August 5, 2015, I scheduled the jury trial on my February 9, 2016, stack.[3]

     Almost one month later, V'Guara noticed the court and the parties that it had filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.[4] Dec then asked me to clarify that the scope of the automatic stay under 11 U.S.C. § 362 does not apply to his third-party claims against Wierzbowski,[5] and to withdraw the reference of V'Guara's claims against Dec and Dec's counterclaims against V'Guara from the bankruptcy court.[6] V'Guara and Wierzbowski responded by

---

[1] ECF 1. S&D Beverage has since been dismissed from this action without prejudice. ECF 33.

[2] ECF 72.

[3] ECF 130.

[4] ECF 131.

[5] ECF 132.

[6] ECF 134.

asking me to extend the automatic stay to non-debtor Wierzbowski, stay the entirety of this case until the automatic stay is lifted by the bankruptcy court,[7] and allow V'Guara's claims against Dec and Dec's counterclaims against V'Guara to "remain under the jurisdiction of the United States Bankruptcy Court."[8]

Unfortunately, the parties failed to recognize that, once V'Guara filed for bankruptcy under Chapter 7 of the Bankruptcy Code, V'Guara's standing to pursue its claims in this action passed to its Chapter 7 trustee. V'Guara is, therefore, ordered to substitute its Chapter 7 trustee in as the real party in interest or show cause why its claims should not be dismissed. Additionally, the parties are mistaken in their belief that any claims asserted in this action have been referred to the bankruptcy court. Dec's motion to withdraw the reference [ECF 134] is, thus, denied. And to further the interests of justice and allow sufficient time to brief these burning issues, I will briefly continue the trial date and deny without prejudice Dec's motion for clarification [ECF 132] and Marquis Aurbach Coffing's motion to withdraw as counsel [ECF 140].

**Discussion**

**A.   V'Guara lacks standing to pursue or stay its claims in this action.**

The filing of a petition for relief under the Bankruptcy Code commences a bankruptcy case and creates an estate.[9] With exceptions that are not relevant in this action, 11 U.S.C. § 541 provides that the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."[10] "Legal causes of action are included within the broad scope of § 541."[11] This includes prepetition tort and contract-based causes of action.[12] "The Bankruptcy Code

---

[7] ECF 136.

[8] ECF 137 at 2.

[9] *See* 11 U.S.C. §§ 301, 541.

[10] 11 U.S.C. § 541(a)(1).

[11] *In re Goldstein*, 526 B.R. 13, 21 (Bankr. App. 9th Cir. 2015) (citing *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986)).

[12] *Id.* (citing *Sierra Switchboard Co.*, 789 F.2d at 707; *In re Ryerson*, 739 F.2d 1423, 1425 (9th Cir. 1984)).

provides that the trustee of a bankruptcy estate is the representative of the estate" and who has "the exclusive right to sue on behalf of the estate."[13]

Because V'Guara has filed for bankruptcy in the United States Bankruptcy Court, District of Nevada, and a Chapter 7 trustee has been appointed, it appears that V'Guara is "no longer a real party in interest in this matter and has no standing to pursue" its prepetition claims in this action against Dec.[14] The real-party-in-interest position and standing to sue now belong to V'Guara's Chapter 7 trustee. Because FRCP 17 provides that "[a]n action must be prosecuted in the name of the real party in interest[,]"[15] the proper procedure in a situation like this[16] is typically for V'Guara to file a motion to substitute or join its Chapter 7 trustee as a party under FRCP 25(c). That did not happen here, and trial is scheduled to begin in less than a month.[17]

Nonetheless, "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."[18] Accordingly, V'Guara has 30 days from the entry of this order to substitute its Chapter 7 trustee in as the real party in interest in this action or show good cause why its claims should not be dismissed. To further the interests of justice and

---

[13] *Estate of Spirtos v. One San Bernadino Cnty. Sup. Ct. Case No. SPR 02211*, 443 F.3d 1172, 1175–76 (9th Cir. 2006) (citations omitted).

[14] *See Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004).

[15] FED. R. CIV. P. 17(a)(1).

[16] "A Chapter 7 debtor may not prosecute a cause of action belonging to the bankruptcy estate absent showing [its] claims were exempt from the bankruptcy estate or abandoned by the bankruptcy trustee." *Runaj v. Wells Fargo Bank*, 667 F.Supp.2d 1199, 1206 (S.D. Cal. 2009) (citing *Rowland v. Novus Fin. Corp.*, 949 F.Supp. 1447, 1453 (D. Haw. 1996)). An examination of the docket in V'Guara's bankruptcy case, *In re V'Guara, Inc.*, Case No. 2:15-bk-14995-abl (Bankr. D. Nev.), which I take judicial notice of under FRE 201, reveals that V'Guara's Chapter 7 trustee has not abandoned, under 11 U.S.C. § 554, V'Guara's claims against Dec. Nor are V'Guara's claims against Dec listed as property claimed as exempt on V'Guara's schedule of assets and liabilities, which I also take judicial notice of under FRE 201. *See* ECF 131 at 8. Although V'Guara's claims against Dec are not listed in V'Guara's schedule as assets, *see* ECF 131 at 8–13, they are identified in V'Guara's statement of financial affairs. ECF 131 at 24.

[17] I note there is no evidence in the record that V'Guara's Chapter 7 trustee, Brian D. Shapiro, Esq. or his counsel in the bankruptcy case, Atkinson Law Associates Ltd., were provided notice of any of the filings made by the parties in this action. *See e.g.* ECF 132–140.

[18] FED. R. CIV. P. 17(a)(3).

allow the Chapter 7 trustee time to get up to speed, I will briefly continue trial in this action and deny without prejudice Marquis Aurbach Coffing's motion to withdraw as counsel of record for V'Guara and Wierzbowski.

**B.      Withdrawal of the reference**

All of the parties appear to be under the impression that some portion of this case—perhaps V'Guara's claims against Dec and possibly Dec's counterclaims against V'Guara—were automatically referred to the bankruptcy court upon the filing of V'Guara's voluntary petition for relief.[19]  But V'Guara's claims in this action are not listed as assets on V'Guara's schedules, and there is no adversary proceeding pending in the bankruptcy court that raises the same issues that are the subject of the claims that have been asserted in this action.  Further, no party has moved me to refer any claim or issue that has been raised in this action to the bankruptcy court.  As the parties have not demonstrated that any portion of this action has been referred to the bankruptcy court, I deny Dec's motion to withdraw the reference.

**C.      Automatic stay under 11 U.S.C. § 362(a)**

"In order to protect the estate from being depleted by creditors' lawsuits and seizures of property and provide the debtor breathing room to reorganize, 11 U.S.C. § 362(a) imposes an automatic stay."[20]  To accomplish these goals, § 362 automatically prohibits:

> (1) commencing or continuing actions **against the debtor** that began or could have begun before the bankruptcy was filed, or to recover a pre-petition claim **against the debtor**; and (2) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over the property of the estate."[21]

Although the automatic stay sweeps broadly, it "does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor."[22]  The stay also "'does not protect non-debtor parties or their

---

[19] *See* ECF 134, 137, 139.

[20] *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 874–75 (9th Cir. 2011) (citing *White v. City of Santee*, 186 B.R. 700, 704 (Bankr. App. 9th Cir. 1995)).

[21] *Id.* at 875 (emphasis added) (quoting 11 U.S.C. § 362(a)(1) & (3)).

[22] *Id.* (citing *Gordon v. Whitmore*, 175 B.R. 333, 337–38 (Bankr. App. 9th Cir. 1994)).

property.'"[23] Accordingly, the only claims in this action that were stayed under § 362(a) by the filing of V'Guara's bankruptcy petition are Dec's counterclaims against V'Guara.

Dec moves me to allow all of the claims, counterclaims, and third-party claims in this action to proceed to trial, or at least his third-party claim for fraud against Wierzbowski.[24] And V'Guara and Wierzbowski ask me to extend the scope of the automatic stay to cover V'Guara's claims against Dec and Dec's third-party claims against Wierzbowski.[25] Because V'Guara itself no longer has standing to make those requests, and I have ordered V'Guara to substitute its Chapter 7 trustee in this action or show cause why its claims should not be dismissed, I deny Dec's motion to clarify and V'Guara and Wierzbowski's request to extend the scope of the automatic stay without prejudice to the parties' ability to re-urge those matters once the trustee's interest has been sorted out.[26]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **V'Guara has until Thursday, February 11, 2016, to substitute** its Chapter 7 trustee in as the real party in interest in this action **or show cause** why its claims in this action should not be dismissed. If the substitution is not made or V'Guara fails to file a document showing good cause by February 11, 2016, its claims in this action will be dismissed in their entirety without prejudice.

IT IS FURTHER ORDERED that:

- The trial in this action is **CONTINUED** to the **May 3, 2016**, trial stack with calendar call at **1:30 p.m. on April 25, 2016**;

---

[23] *Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009) (quoting *Chugach Timber Corp. v. N. Stevedoring & Handling Corp.*, 23 F.3d 241, 246 (9th Cir. 1994)).

[24] ECF 132, 134.

[25] ECF 137 at 2.

[26] The parties are cautioned that the Ninth Circuit has instructed that the "unusual circumstances" doctrine developed by the Fourth Circuit in *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986), and the "usual preliminary injunction standard" are not separate and distinct standards. *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1096 (9th Cir. 2007). "Stays under the [unusual circumstances] doctrine, 'although referred to as extension of the automatic stay, [are] in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate.'" *Id.* (quoting *Chugach*, 23 F.3d at 247 n. 6).

- Dec's motion for clarification **[ECF 132] is DENIED**;
- Dec's motion to withdraw the reference **[ECF 134] is DENIED**; and
- Marquis Aurbach Coffing's motion to withdraw as counsel of record for V'Guara, Inc. and Mirek Wierzbowski **[ECF 140] is DENIED** without prejudice.

The **Clerk of Court is instructed to send** copies of this order to:

United States Bankruptcy Judge August B. Landis
Regarding bankruptcy case number 2:15-bk-14995-abl

Brian D. Shapiro, Esq.
The Law Office of Brian Shapiro
228 S. 4th Street, Suite 300
Las Vegas, Nevada 89101
*Chapter 7 trustee for V'Guara, Inc.*

Robert Atkinson
Atkinson Law Associates, Ltd.
8965 S. Eastern Avenue, Suite 260
Las Vegas, Nevada 89123
*Counsel for Brian D. Shapiro, Chapter 7 trustee for V'Guara, Inc.*

Dated this 12th day of January, 2016.

_____
Jennifer A. Dorsey
United States District Judge