UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIREK WIERZBOWSKI, | Case No. 2:13-cv-00076-JAD-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| STEVE DEC, et al., | |
| Defendant(s). | |

    Pending before the Court is an order to show cause why case-dispositive sanctions should not be imposed as to Plaintiff V'Guara, Inc. for failing to obtain counsel. Docket No. 165. The Court held a show cause hearing on September 29, 2016. Docket No. 172. At that hearing, Mirek Wierzbowski represented that he purchased all of V'Guara's assets during its bankruptcy proceeding. Hearing Rec. (9/29/2016) at 3:05 - 3:06 p.m. That representation is supported by the record in the bankruptcy appeal of *In re V'Guara, Inc.*, Case No. 2:16-cv-00630-GMN (D. Nev.), including an asset purchase agreement providing that V'Guara's claims made in this case were transferred to Mr. Wierzbowski. *In re V'Guara, Inc.*, Docket No. 1 at 10. Although Defendants in this case appealed the approval of that asset transfer, they eventually stipulated to dismiss their bankruptcy appeal. *See In re V'Guara, Inc.*, Docket No. 11. Hence, Mr. Wierzbowski owns V'Guara's claims asserted in this case.

    The Court has a duty to construe the arguments of *pro se* litigants, such as Mr. Wierzbowski, liberally. *See, e.g.*, *Berhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Given the circumstances, the Court construes Mr. Wierzbowski's arguments at the show cause hearing as a motion

to substitute parties based on his status as V'Guara's successor in interest with respect to the claims in this case. The Federal Rules of Civil Procedure authorize the substitution of parties when there has been a transfer of interest. *See* Fed. R. Civ. P. 25(c); *see also* 7C Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE, § 1958, at p. 698-99 (2016) ("The court, if it sees fit, may allow the transferee to be substituted for the transferor").[1] Whether to allow substitution is an issue entrusted to the Court's discretion, and substitution is appropriate when it will "facilitate the conduct of the litigation." *See In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000). Based on the above record, it is clear that there has been a transfer of interests and that Mr. Wierzbowski may be substituted as the Plaintiff in this case. Moreover, allowing that substitution will facilitate the conduct of the litigation because Mr. Wierzbowski may proceed *pro se* as the plaintiff in this case, while V'Guara cannot proceed *pro se* and cannot afford an attorney. As such, the Court grants the motion to substitute. Because this substitution renders Plaintiff a natural person rather than a corporate entity, an appearance of counsel is no longer required with respect to the claims by Plaintiff against Defendants. *Cf. Raley v. Hyundai Motor Co.*, 642 F.3d 1271, 1276 (10th Cir. 2011) (a Rule 25(c) substitution renders the substituted plaintiff as the sole party-plaintiff in the place and stead of the former party-plaintiff).

The impact of the transfer of assets on the counterclaims against V'Guara is less clear. From the Court's review of the asset purchase agreement, Mr. Wierzbowski did not acquire V'Guara's liabilities. As such, it appears the substitution with respect to the counterclaims is not proper. Default judgment ultimately may be appropriate against V'Guara with respect to the counterclaims, but the Court finds any potential default judgment premature at this time. Trial is scheduled to proceed with Mr. Wierzbowski participating *pro se* as a counter-defendant. *See* Docket No. 129. In the context of entering a default judgment against some but not all defendants, the Court has discretion to withhold entry of default judgment while the case proceeds against the non-defaulting party. *See, e.g.*, *Alutiiq Int'l Solutions, LLC v. OIC Marianas Ins. Corp.*, 2013 WL 3432077, *2-3 (D. Nev. July 8, 2013).

---

[1] There is no time limit on moving to substitute under Rule 25(c). *See* 7C Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE, § 1958, at p. 704 (2016); *see also Federal Insurance Co. v. Laney*, 2013 WL 3597309, *2 (N.D. Cal. July 12, 2013). Moreover, a motion to substitute may be made orally. *See, e.g.*, *United States v. NL Indus., Inc.*, 2006 WL 219577, *1-2 (S.D. Ill. Jan. 27, 2006).

"Where the defendants are similarly situated such that they would share or have similar defenses, entering default judgment early could lead to logically inconsistent results if the non-defaulting defendant ultimately proves the plaintiff's claims are invalid. Consequently, where non-defaulting and defaulting parties are similarly situated, the preferred practice is for the court to withhold granting default judgment until the action is resolved on the merits against non-defaulting defendants: if plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Id.* (internal citations and quotation marks omitted).

For the reasons outlined above, the Court hereby **ORDERS** as follows:

- Mr. Wierzbowski's arguments presented at the show cause hearing shall be **CONSTRUED** as a motion that he be substituted as the plaintiff in this case, and such motion is **GRANTED**;
- The Clerk's Office is **INSTRUCTED** to update the docket to reflect that Mirek Wierzbowski is now the Plaintiff in this case, in place and stead of V'Guara, Inc;
- The order to show cause is **DISCHARGED** as moot with respect to Plaintiff's claims against Defendants;
- The order to show cause is **DEFERRED** with respect to the counterclaims against V'Guara, Inc., and Defendants may move for a determination of whether default judgment is appropriate as to those counterclaims following trial if the circumstances render such a motion proper.

IT IS SO ORDERED.

DATED: September 30, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

3