# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MIREK WIERZBOWSKI, | Case No. 2:13-cv-0076-JAD-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket No. 198) |
| STEVE DEC, | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to take trial depositions, filed on an expedited basis. Docket No. 198. Defendant filed a response in opposition. Docket No. 200. Plaintiff has agreed to forego the opportunity to file a reply given the request for expedited review. Docket No. 198 at 9. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is hereby **GRANTED**.

The instant dispute is whether Plaintiff may take depositions for the purpose of trial of five witnesses. These witnesses have long been included as witnesses Plaintiff intends to present at trial. Docket No. 130 at 14-15 (joint pretrial order, filed August 5, 2015, listing all five witnesses). As trial now looms, "counsel has been unable to secure the attendance of its two third-party vendor witnesses and all of the foregoing witnesses reside outside the subpoena power of this Court." Docket No. 198 at 6. Defendant opposes the motion on the basis that the discovery period closed long ago, would require delaying trial, and would impose additional costs on Defendant. *See, e.g.*, Docket No. 200 at 4, 10. Plaintiff has the better argument based on the circumstances of this case.

While the Court is aware of contrary authority, including some cited by Defendant, trial depositions needed to preserve testimony are generally treated as distinct from discovery depositions. *See, e.g.*, *United States v. Real Property Located at 475 Martin Lane*, Case No. CV 04-2788 ABC (MCx), 2006 WL 8421723, at *2 (C.D. Cal. July 24, 2016) (discussing *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 355 (D. Colo. 2001), *Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982), and *Odell v. Burlington N.R.R. Co.*, 151 F.R.D. 661, 663 (D. Colo. 1993)). Hence, the passage of the discovery cutoff does not necessarily preclude a party from obtaining trial depositions for witnesses who are outside the subpoena power of the Court. *See, e.g.*, *475 Martin Lane*, 2006 WL 8421723, at *2 ("Given the witnesses' unavailability, Plaintiff is permitted to take preservation depositions despite the passage of the discovery cut-off date"). Courts are especially inclined to allow such depositions when there is a lack of bad faith in any delay in obtaining them. *See id.*; *see also Estenfelder*, 199 F.R.D. at 355 (distinguishing cases that had not allowed trial depositions to be taken after the discovery cutoff for tactical reasons). Courts will also consider whether the need for the depositions is outweighed by prejudice or delay in allowing them to occur. *See Estenfelder*, 199 F.R.D. at 356.

In this case, counsel has now become aware that various witnesses with important testimony are unavailable. Docket No. 3-4, 6.[1] There is no bad faith or tactical reason behind Plaintiff's request to take the trial depositions at this time. To the contrary, *pro bono* counsel has recently entered the case and promptly brought this issue to the Court's attention. Moreover, any prejudice to Defendant is

---

[1] Defendant questions whether one of these witnesses is unavailable. Docket No. 200 at 6-7 (indicating that Mr. Garner is willing to attend trial); *see also id.* at 8 (asserting that its not clear whether the other witnesses are "truly unavailable"). The fact that the witnesses are beyond the subpoena power of this Court, *see, e.g.*, Docket No. 198 at 6, is a sufficient showing to allow the noticing of the trial depositions, *see, e.g.*, *475 Martin Lane*, 2006 WL 8421723, at *2. Nonetheless, Plaintiff's notice of deposition shall make clear that these depositions are for trial purposes only, and that such a deposition need not proceed if a particular witness certifies that he or she will appear at trial.

Defendant also asserts that it believes two of the individuals named may well also act as corporate representatives. Docket No. 200 at 8. To the extent that the individual witnesses will also testify as corporate representatives, counsel should meet-and-confer as to whether that fact should impact the manner in which the trial depositions are conducted.

limited by the fact that his counsel may participate in the depositions.[2] Nor can Defendant be surprised by the potential for such witness testimony to be used at trial, as they were all disclosed as trial witnesses previously. Lastly, while allowing these trial depositions will delay these proceedings, including trial, a short delay relative to the age of this case is outweighed by the other considerations in this case and by the interest in allowing the parties to present fully their cases at trial on the merits. *Cf. Estenfelder*, 199 F.R.D. at 356 (a contrary "result is a trial which is incomplete and unfair").

Accordingly, consistent with the requirements outlined herein, the motion to take trial depositions is **GRANTED**. Such depositions shall be conducted within 60 days of the issuance of this order.

IT IS SO ORDERED.

DATED: June 12, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Defendant protests that his counsel may be required to travel for these depositions and incur expenses. Docket No. 200 at 10-11. At this point in time, the locations of the depositions have not been set and consideration of such issues are premature. To the extent the parties contest the location of the deposition, the ability to appear at the deposition remotely, and/or costs associated with the deposition, those are issues better left to the meet-and-confer process after the facts are known.