# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MIREK WIERZBOWSKI,  ) Case No. 2:13-cv-0076-JAD-NJK
        Plaintiff(s),  ) ORDER
v.  ) (Docket No. 208)
STEVE DEC,  )
        Defendant(s).  )

Pending before the Court is Defendant's motion regarding payment of expenses for depositions. Docket No. 208. The motion is defective in numerous respects.

First, the motion includes conclusory assertions that a pre-filing conference was conducted. *Id.* at 5. The local rules provide that such certification must be made through a <u>declaration</u> providing detailed information regarding the unsuccessful conference. *See, e.g.*, Local Rule IA 1-3(f)(2).

Second, the motion identifies brow-raising costs for travel, such as seeking $861 to cover a rental car and round trip airfare from Pittsburgh to Chicago. Docket No. 208 at 3-4. A cursory search on the Internet reveals numerous nonstop round-trip flights in two weeks from Pittsburgh to Chicago for under $200 on United Airlines, American Airlines, and Southwest Airlines, and one-day rental car options for less than $100. Similarly, the motion seeks $340 for a one-way ticket for lead counsel from Boston to Pittsburgh, *id.* at 4, when a cursory Internet search reveals several nonstop one-way flights for under $150 on American Airlines and JetBlue Airways. The support for Defendant's significantly higher estimations is a conclusory statement that expenses were researched by lead counsel. *Id.* at 4 n.3. This

is plainly insufficient.[1]  Any estimation of costs must be supported by a declaration and supporting documentation.

Third, the motion fails to sufficiently explain why each cost sought from Plaintiff is reasonably necessary.  By way of example, Defendant appears to seek hotel expenses for each deposition despite the short time required for lead counsel's regional travel and despite recognizing that each deposition is presumptively limited to seven hours on one day pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure.  Docket No. 208 at 3.  Moreover, Defendant must explain why both of his attorneys need to appear for the depositions and why Plaintiff should bear the costs for both attorneys to appear.

Lastly, it appears that the motion may be premature as deposition notices may not have been served yet.  *See* Docket No. 208 at 3.  As a result, Defendant speculates about some of the costs it will seek, such as a rental car if the depositions are far from the airport.  *See id.* at 2 n.1; *see also* Docket No. 203 at 3 n.2 ("To the extent the parties contest the location of the deposition, the ability to appear at the deposition remotely, and/or costs associated with the deposition, those are issues better left to the meet-and-confer process *after the facts are known*" (emphasis added)).

For these reasons, the pending motion is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: June 23, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The showing is especially lacking for any expenses that may be incurred by Defendant's local counsel, as there is only a fleeting statement that "the fares and travel expenses for Ms. Marr to travel from Las Vegas will be similar" to those identified by lead counsel for his expenses.  *See* Docket No. 208 at 4.