1
2
3
4
5
6
7
8       **UNITED STATES DISTRICT COURT**

9       **DISTRICT OF NEVADA**

10

| | |
|---|---|
| MIREK WIERZBOWSKI, ) | Case No. 2:13-cv-0076-JAD-NJK |
| ) | |
| Plaintiff(s), ) | ORDER |
| ) | |
| v. ) | (Docket No. 215) |
| ) | |
| STEVE DEC, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

16      Pending before the Court is Defendant's renewed motion for travel expenses to attend

17  depositions. Docket No. 215.[1] Plaintiff filed a response. Docket No. 216. Given the time constraints

18  involved in deciding this dispute, the Court ordered no reply could be filed absent obtaining leave. *See*

19  Docket No. 214. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1.

20  For the reasons discussed below, the motion is hereby **DENIED**.

21      Defendant's motion asserts that he is entitled to payment of his counsel's expenses for travel to

22  four depositions. Docket No. 215 at 2. Plaintiff disputes this basic premise of Defendant's request.

23  Docket No. 216 at 5. Plaintiff has the better argument. There is a presumption that litigants bear their

24  own expenses in attending depositions. *See LightGuard Sys., Inc. v. Spot Devices, Inc.*, 281 F.R.D. 593,

25  598 (D. Nev. 2012) (*citing in re Puerto Rico Elec. Power Auth.*, 687 F.2d 501, 507 (1st Cir. 1982)); *see*

26  _____

27      [1] The Court denied the initial motion on numerous grounds. *See* Docket No. 209. Although the
    Court therein permitted the motion to be renewed, it did not express any opinion as to whether Defendant
28  is entitled to travel expenses.

1   *also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978) (recognizing presumption that

2   parties bear their own expenses arising out of discovery). Nonetheless, courts are empowered to enter

3   a protective order to avoid undue expense on a litigant if warranted by the particular circumstances of

4   a case. *See* Fed. R. Civ. P. 26(c)(1).[2]  For example, courts have ordered payment of expenses when the

5   parties have disputed the location of a deposition and the court's ultimate choice of a far-away location

6   imposes a significantly higher burden on the party seeking expenses than the alternative location. *See,*

7   *e.g.*, *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 630 (C.D. Cal. 2005) (ordering travel costs for

8   the plaintiff's corporate deponents be split between the parties for deponents who reside in Israel

9   because holding the depositions in Los Angeles would "save defendants considerable expense," but not

10  ordering travel costs be split for deponent traveling from New Jersey to Los Angeles).

11       The circumstances of this case do not justify an award of Defendant's counsel's travel expenses.

12  Plaintiff has subpoenaed four depositions. Docket Nos. 210-213. The presumptive location for such

13  depositions is set by applicable rule. *See* Fed. R. Civ. P. 45(c). There has been no indication or showing

14  that Plaintiff has sought to avoid the presumptively-reasonable location of these depositions. Defendant

15  has not argued that the locations for these depositions are improper or should be changed. To the

16  contrary, the deposition locations of Chicago, Cincinnati and Boston are far more convenient for

17  Defendant's lead counsel (who resides in Pittsburgh) than for Plaintiff's counsel based here in Las

18  Vegas. It appears Defendant simply wishes not to bear the cost of attending. *See* Docket No. 215 at 2.[3]

19  The Court is well aware that federal litigation–including attending depositions–can involve significant

20

21

---

22  [2] The pending motion provides cursory argument that Defendant is entitled an award of expenses,
    citing two cases from the Southern District of New York. *See* Docket No. 125 at 2 (citing *Commodity*
23  *Futures Trading Cmm'n v. Commodity Investment Grp., Inc.*, 2005 WL 3030816, at *2 (S.D.N.Y. Nov. 10,
    2005); *Mengele v. Patriot II Shipping Corp.*, 2001 WL 1160661, at *1-2 (S.D.N.Y. Sept. 28, 2001)). As
24  Plaintiff correctly notes, Docket No. 216 at 5, both of those cases rely on a local rule from that district
25  allowing for the payment of expenses when a deposition is taken more than 100 miles from the courthouse.

26  [3] Plaintiff's counsel has offered to minimize or eliminate expenses for Defendant, including offering
    to schedule the depositions at times that would allow same-day travel for Defendant's lead counsel and
27  indicating no objection to Defendant's counsel appearing remotely. *See* Chance Decl. (Docket No. 216) at
28  ¶¶ 11, 12.

2

expense. Defendant has simply not presented circumstances, however, that those ordinary litigation expenses should be shifted to Plaintiff with respect to the depositions at issue.

Accordingly, the pending motion for deposition expenses is **DENIED**.

IT IS SO ORDERED.

DATED: June 28, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge