# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MIREK WIERZBOWSKI,

    Plaintiff(s),

v.

STEVE DEC,

    Defendant(s).

Case No. 2:13-cv-00076-JAD-NJK

ORDER

(Docket No. 239)

    A settlement conference is set in this case for February 21, 2018. Docket No. 237. All parties are required to appear in person for that settlement conference, and any request for an exception to that attendance requirement was due by November 29, 2017. *See id.* at 1-2. Nearly two months after that deadline, on January 19, 2018, the parties filed an untimely stipulation for Plaintiff and Defendant to both appear telephonically. Docket No. 239. The motion is **DENIED**.

    First, Plaintiff indicates that his medical treatment in Poland and the cost of travel from Poland warrant his appearance by telephone. *Id.* at 2. While the Court takes seriously travel limitations arising out of a litigant's medical condition, Plaintiff chose to file suit in this forum and is expected to be available for proceedings here absent a showing well beyond what has been made in the pending stipulation. *See Mansel v. Celebrity Coaches of Am., Inc.*, 2013 WL 6844720, at *1 (D. Nev. Dec. 20, 2013) (noting general rule that an out-of-state plaintiff must submit to an independent medical examination in the forum absent a strong showing that he cannot travel for medical reasons); *see also Goldstein v. MGM Resorts Int'l*, 2016 U.S. Dist. Lexis 139823 (D. Nev. Oct. 7, 2016) (denying motion to appear telephonically at settlement conference despite alleged travel restrictions). As to the costs associated with attending the settlement conference, that concern is not sufficient reason to justify a

telephonic appearance by a party given the Court's experience that settlement conferences are significantly more productive with personal attendance.

Second, Defendant indicates that his scheduling conflict with being out of the country and the costs associated with travel warrant his appearance by telephone. Docket No. 239 at 2. With respect to the apparent scheduling conflict, this settlement conference has been scheduled for two months and that apparent scheduling conflict is not good cause to reschedule the settlement conference. *Cf. Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 5165390, at *4 (D. Nev. Sept. 3, 2015) (imposing sanctions for non-attendance at settlement conference based on late-notice of business travel conflict). As for the travel costs involved, the Court finds such reason insufficient to avoid personal attendance for the reason specified above.

In short, the pending stipulation is hereby **DENIED**.[1] With respect to Plaintiff's medical condition, the parties shall file a status report on February 5, 2018. To the extent Plaintiff continues to assert a medical inability to travel to this forum, he shall submit competent evidence to that effect, *cf. Mansel*, 2013 WL 6844720, at *1-2, and the parties shall submit five alternative dates before April 10, 2018 (trial), on which all required participants are available to personally attend the settlement conference, *cf. Goldstein*, 2016 U.S. Dist. Lexis 139823, at *7-8 (setting settlement conference for day before trial as Plaintiff would be required to personally attend trial). Of course, the parties are also free to engage in their own settlement discussions at any time, and the Court will vacate the settlement conference in the event a settlement is reached without further court involvement.

IT IS SO ORDERED.

DATED: January 22, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Although not entirely clear, it appears that Defendant's lead counsel does not intend to appear for the settlement conference. *See* Docket No. 239 at 2 ("Local counsel for Mr. Wierzbowski and Mr. Dec will be present"). The Court has ordered all trial counsel to appear, Docket No. 237 at 1 (ordering personal appearance by "[a]ll counsel of record who will be participating in the trial"), and Mr. Terrell has given no indication that he will not be participating in trial, *contra* Docket No. 236 (stipulation to extend trial-related dates signed by Mr. Terrell). Mr. Terrell shall appear in person as ordered.